IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03384-GPG

ALEXANDER BROWN,

     Applicant,

v.

ARAPAHOE COUNTY 18th JUDICIAL DISTRICT,

     Respondent.

---

## ORDER OF DISMISSAL

---

Applicant Alexander Brown is detained at the Arapahoe County Detention Facility in Centennial, Colorado. Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 9, asking the Court to intervene in his state court criminal case. Applicant specifically claims that the prosecution has violated his constitutional rights to due process and a fair trial. Applicant further contends the prosecution lacks the evidence to support the charges against him and that he has attempted to contact the trial court, but he has not received a response, even though prosecution's court-ordered bill of particulars was insufficient and failed to specify "jurisdictional authority for Arapahoe County," ECF No. 8 at 10. As relief, Applicant asks that the criminal charges be dismissed for lack of evidence and that he be released from custody.

The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Application will be denied and the action will be dismissed.

A state prisoner subject to untried charges may bring a pretrial habeas corpus

action in federal court pursuant to 28 U.S.C. § 2241 to "demand enforcement of the

[State's] affirmative constitutional obligation to bring him promptly to trial."  *Braden v.*

*30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).  In the instant action, Applicant

is not demanding enforcement of his right to be brought to trial promptly.  Instead, he

seeks to have this Court intervene in the state court proceedings and enter an order

dismissing the criminal charges against him so that he may be released from custody.

The Court may not do so.

Absent extraordinary or special circumstances, federal courts are prohibited from

interfering with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37

(1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention is

appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the

state proceedings implicate important state interests; and (3) the state proceedings

afford an adequate opportunity to present the federal constitutional challenges."

*Phelps*, 122 F.3d at 889.

The first condition is met because Applicant concedes that the state court

proceedings are ongoing.  The second condition also is met because the Supreme

Court "has recognized that the States' interest in administering their criminal justice

systems free from federal interference is one of the most powerful of the considerations

that should influence a court considering equitable types of relief."  *Kelly v. Robinson*,

479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  With respect to the third

condition, Applicant

fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.

Applicant asserts that he is represented by counsel, but also claims that he has "attempted to contact the trial court and file my complaint without so much as a response to my grievances."  Application, ECF No. 8 at 8.   Furthermore, throughout the Application, Applicant claims the prosecution's "bill of particulars . . . was insufficient." Applicant concedes that he was able to challenge the prosecution's criminal charges by filing a defense motion for a bill of particulars, and that the trial court granted and ordered the prosecution to elect specific acts of criminal conduct that they will be bound by at trial; but he claims that in violation of the trial court's order the prosecution has failed to elect specific acts for the two counts of sexual misconduct, which may result in additional charges outside of the Arapahoe County jurisdiction.

Applicant does not identify what grievances he raised before the trial court and how he presented these claims to the Court, especially since he has been represented by counsel.  Applicant, therefore, does not demonstrate that the trial court has denied him an adequate forum to present his due process and fair trial claims.  Furthermore, Applicant may present his federal claims of right to due process and to a fair trial on direct appeal in the Colorado Court of Appeals.  The Tenth Circuit has found that the ability to present a federal claim on direct appeal demonstrates the opportunity to present claims in an adequate state forum.  *See Fisher v. Whetsel*, 142 F. App'x 337, 339 (10th Cir. 2005) (Tenth Circuit found an ineffective assistance of counsel claim could be raised in the Oklahoma Court of Criminal Appeals).  Applicant also may

present ineffective assistance of counsel claims in a postconviction motion in Colorado

state court.  *See* Colo. R. Crim.


P. 35(c)(2).  Based on the above findings, Applicant has failed to demonstrate an

adequate opportunity to present his federal claims in a state proceeding.

Applicant "may overcome the presumption of abstention 'in cases of proven

harassment or prosecutions undertaken by state officials in bad faith without hope of

obtaining a valid conviction and perhaps in other extraordinary circumstances where

irreparable injury can be shown.'"  *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*,

401 U.S. 82, 85 (1971)).  However, the fact that Applicant will be forced to appear in

state court on criminal charges, by itself, is not sufficient to establish great and

immediate irreparable injury.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548

F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is

commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably
> objective hope of success; (2) whether it was motivated by
> the defendant's suspect class or in retaliation for the
> defendant's exercise of constitutional rights; and (3) whether
> it was conducted in such a way as to constitute harassment
> and an abuse of prosecutorial discretion, typically through
> the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.  It is Applicant's "'heavy burden' to overcome the bar of

*Younger* abstention by setting forth more than mere allegations of bad faith or

harassment."  *Id.*

Applicant fails to demonstrate that the criminal case against him was

commenced with no reasonable hope of success.  He also fails to demonstrate any

4

improper motivation for the charges.  Finally, there is no indication that the criminal case against Applicant has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.  Therefore, the Court finds that *Younger* abstention is appropriate in this action.

In summary, the instant action will be dismissed because Applicant fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings.  If Applicant ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 8, is denied and the action is dismissed without prejudice.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  22nd  day of    January    , 2015.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court